# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | NO. CR-15-00154-HE |
| MANUEL RICARDO CAMPUZANO-CHAVEZ, ET AL., | ) | |
| Defendants. | ) | |

## ORDER

Defendants Javier Alfredo Herrera-Hernandez ("Javier Herrera") and Julio Cesar Herrera-Hernandez ("Julio Herrera") were charged along with six others in a five-count indictment.[1] Javier Herrera was charged in two of the counts, with conspiracy to possess methamphetamine with intent to distribute (Count 1) and with distribution of methamphetamine (Count 4). Julio Herrera was charged only in the referenced conspiracy count.

Both defendants have filed motions for a <u>James</u>[2] hearing to determine the admissibility of coconspirator statements [Doc. Nos. 81 and 117], motions for an order directing the government to give notice of 404(b) evidence [Doc. Nos. 79 and 116], and motions to sever or bifurcate their trials [Doc. Nos. 106 and 118]. Javier Herrera has also filed a motion to suppress the testimony of a confidential informant [Doc. No. 77], a motion for a <u>Jackson-</u>

---

[1]The defendants have subsequently been charged in a superceding indictment. This order addresses defendants' motions as filed. To the extent that the superseding indictment raises new issues or alters the basis for this order, pertinent matters may be raised by further motion within the revised motions deadline set by the court.

[2]<u>United States v. James</u>, 590 F.2d 575 (5th Cir. 1979).

<u>Denno</u>[3] hearing to determine the admissibility of his statements [Doc. No. 83], a motion to dismiss the conspiracy charge [Doc. No. 78], a motion for an order requiring the jury to determine forfeiture [Doc. No. 80], and a motion to suppress all video surveillance [Doc. No. 82]. The government has responded to the motions. A hearing was held on February 23, 2016, directed to the motions to determine the admissibility of coconspirator statements and of Javier Herrera's statements.

Coconspirator Statements

Fed. R. Evid. 801(d)(2)(E) permits the admission of an out-of-court statement offered against a party which was made "by the party's coconspirator during and in furtherance of the conspiracy." To be admissible as non-hearsay, the government must establish by a preponderance of the evidence that a conspiracy existed, that the defendant and declarant were members of the conspiracy, and that the statements were made in the course of and in furtherance of the conspiracy. <u>United States v. Owens</u>, 70 F.3d 1118, 1123 (10th Cir. 1995) (citing <u>United States v. Urena</u>, 27 F.3d 1487, 1490 (10th Cir. 1994)). Coconspirator statements can be admissible even if they were made before the defendant joined the conspiracy. <u>United States v. Brown</u>, 943 F.2d 1246, 1255 (10th Cir. 1991).

The evidence submitted at the hearing principally consisted of the testimony of DEA Special Agent Robert Murphy and transcripts of intercepted telephone exchanges among various defendants and a confidential informant. The evidence was sufficient to establish,

---

[3]<u>Jackson v. Denno</u>, 378 U.S. 368 (1964).

by a preponderance of the evidence, that there existed a conspiracy to possess methamphetamine with intent to distribute it, that the referenced statements were made in the course of and in furtherance of that conspiracy, and that Javier Herrera, Julio Herrera, and the other parties to the telephone exchanges were members of the conspiracy. Whether the government had identified these defendants as targets or had otherwise begun investigating them in particular by the time of those statements, or whether the defendants were part of the conspiracy at the time the statements were made, is not determinative of the admissibility of the statements. *See* Brown, 943 F.2d at 1255. The telephone exchanges detail a concerted effort to arrange the purchase and sale of methamphetamine, including discussions between both Javier Herrera and Julio Herrera regarding the pricing and availability of the drugs and arrangements for the purchases.

Accordingly, the motions requesting a pretrial determination of the admissibility of coconspirator statements [Doc. Nos. 81 and 117] are **GRANTED**. Having now conducted the necessary hearing, the court concludes the coconspirator statements are admissible as against a hearsay objection.

404(b) Evidence

Both defendants have moved for an order directing the government to give notice of its intent to rely on evidence to which Federal Rule of Evidence 404(b) applies. The government's response acknowledges its obligations under the rule and identifies certain statements as to Javier Herrera [Doc. No. 124]. The government will be required to identify any other 404(b) evidence it intends to offer not less than seven days prior to trial. A request

for notice, rather than a formal motion, is all that is required under Rule 404(b), so the motions [Doc. Nos. 79 and 116] are **STRICKEN** as moot.

Severance

Both defendants have moved to sever the trial of the charges against them, arguing they will be prejudiced by being tried jointly with other defendants who are charged with a completely separate conspiracy (a conspiracy to possess marijuana with intent to distribute it). However, all of the defendants charged in the marijuana conspiracy have either entered guilty pleas or are in the process of doing so. Thus, Javier Herrera and Julio Herrera no longer face any potential prejudice by reason of multiple conspiracies being charged.

To the extent that either defendant argues he is prejudiced by being tried for the same conspiracy with the other defendant, neither defendant has demonstrated that he will be actually prejudiced by a joint trial or that, if there is any prejudice, it is not outweighed by "the obviously important considerations of economy and expedition in judicial administration." United States v. Dirden, 38 F.3d 1131, 1140 (10th Cir. 1994) (internal quotation marks and citation omitted). Accordingly, defendants' motions to sever or bifurcate trial [Doc. Nos. 106 and 118] are **DENIED**.

Confidential Informant

Defendant Javier Herrera has moved to suppress the testimony of a confidential informant on the basis the informant's testimony was obtained in violation of the federal anti-gratuity statute, 18 U.S.C. § 201(c)(2). Stating that he "believes that the payments [to the informant] in this case went beyond legal limits," Javier Herrera has requested a hearing to

determine whether the witness's testimony was in consideration of one or more promises not normally made in exchange for testimony and whether the promises were inconsistent with the assistant U.S. attorney's role as a prosecutor. *See* United States v. Jackson, 213 F.3d 1269, 1289 (10th Cir. 2000), *judgment vacated on other grounds*, Jackson v. United States, 531 U.S. 1033 (2000).

The government's response indicates the confidential informant involved is currently awaiting sentencing in another case in this district and that a sentence previously imposed in that case was vacated while the informant assists the DEA in several drug investigations. The government also indicates the payments to the CI have been made pursuant to DEA policy and that payment information will be provided to the defendant prior to trial.

Beyond speculation, defendant has offered nothing that would call into question the accuracy of the government's representations. On the present showing, the court concludes there is no basis for excluding the informant's testimony. Any payments made to the informant, like the prospect of leniency granted in the informant's criminal proceeding, may be explored on cross examination, but the fact of payments by itself is not a basis for excluding the testimony altogether. Defendant's motion to suppress the testimony of the confidential informant [Doc. No. 77] is **DENIED**.

Defendant Statements

Javier Herrera has also moved to suppress statements he made in an interview with law enforcement agents after his arrest on October 6, 2015. He challenges the validity of his waiver of rights under Miranda v. Arizona, 384 U.S. 436 (1966).

5

A defendant's waiver of the Fifth Amendment privilege against self-incrimination must be voluntary, knowing, and intelligent. United States v. Curtis, 344 F.3d 1057, 1066 (10th Cir. 2003). The waiver must be "voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception," and it must also be "made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Id.* Courts must look at the totality of circumstances surrounding the interrogation to determine if a waiver was both uncoerced and made with a sufficient level of comprehension. *Id.*

At the hearing, Oklahoma Bureau of Narcotics agent Larry Morgan testified about his interview of Javier Herrera. Agent Morgan testified that he explained Mr. Herrera's Miranda rights to him and that, after doing so, he presented and defendant signed a written waiver of his Miranda rights. The transcript of the interview indicates Agent Morgan said: "It talks about waiving rights. You really never waive your rights." [Def.'s Hr'g Ex., at 2]. Agent Morgan testified that he intended the statement to clarify that a waiver of rights did not mean the defendant had to answer all questions if he signed the waiver or that he could not change his mind in the course of the interview. The transcript of the interview is generally consistent with that account. While the explanation of defendant's right to change his mind and invoke his rights during the interview could have been clearer, the court cannot say the explanation was misleading or so unclear as to vitiate defendant's consent. There is no indication that Mr. Herrera misunderstood his rights or that his waiver of them was anything other than voluntary. Javier Herrera's motion to suppress his statements [Doc. No. 83] is therefore

**DENIED**.

Conspiracy Charge

Javier Herrera has also filed a motion to dismiss the conspiracy charge (Count I) against him. He argues that the government purposefully allowed the conspiracy to run until July 2015—four months after the government could have arrested him for selling methamphetamine to the confidential informant in a controlled purchase. He argues the government's failure to arrest him then was only for the purpose of adding to his sentence for conspiracy and that it therefore constituted "sentencing entrapment."

In the Tenth Circuit, the concept of "sentencing entrapment" is considered a form of outrageous governmental conduct. United States v. Scull, 321 F.3d 1270, 1276 n. 3 (10th Cir. 2003). This defense can be successfully invoked only by a showing that the government's conduct, viewed in light of the totality of circumstances, "is so shocking, outrageous, and intolerable that it offends the universal sense of justice." *Id.* at 1277 (internal quotation marks and citation omitted). In the context of a drug distribution conspiracy, the Circuit has recognized that multiple undercover transactions may be necessary to reveal the depth and extent of the conspiracy or to identify the source of the drugs. *Id.* Thus, the government's choice to continue an investigation rather than make an arrest immediately after a controlled drug buy does not, without more, constitute outrageous conduct. *Id.*

Here, the government indicates the investigation continued after the March 2015 controlled drug buy for the purpose of tracing the source of the drugs and determining the

identities and roles of other members in the conspiracy. Given the nature of the conspiracies and the relatively short duration of the timeframes involved, there is no basis here for characterizing the government's continued investigation as outrageous. Javier Herrera's motion to dismiss Count I [Doc. No. 78] is **DENIED**.

Jury Determination of Forfeiture

Defendant Javier Herrera has also moved for a jury determination of forfeiture amounts in the event he is convicted. The government has responded that it does not object to this motion [Doc. No. 80], which is **GRANTED**.

Video Surveillance

Defendant Javier Herrera has also moved for suppression of all video surveillance conducted by the government. He argues that because no warrant was obtained, the videos may have been obtained by searches which were unreasonable under the Fourth Amendment. However, the Fourth Amendment is not implicated by video surveillance obtained from cameras posted outside private property, where they observe no more than what any passerby would be able to observe and where the defendant has no reasonable expectation of privacy in the area being viewed. United States v. Jackson, 213 F.3d 1269, 1280–81 (10th Cir. 2000), *judgment vacated on other grounds*, Jackson v. United States, 531 U.S. 1033 (2000).

The government indicates in its response that the cameras were not placed on private property nor were they monitoring an area ("the Ranch") in which these defendants had a reasonable expectation of privacy. It also indicates the cameras recorded silent video only. On the present showing, Mr. Herrera's Fourth Amendment rights were not violated by the

8

camera surveillance. Defendant's motion to suppress video surveillance [Doc. No. 82] is **DENIED**.

**IT IS SO ORDERED**.

Dated this 7th day of March, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE